HARRIS, Judge.
Robert Vincent Boydell was detained during the proper execution of a valid search warrant at the home of Lorene Freeman and Daniel Greenville. Boydell was standing just outside the residence on the property subject to the search and was being detained (together with others similarly situated) when he complied with an officer’s request to empty his pockets. The officers found Boydell to be in possession of cocaine. Boydell moved to suppress the evidence, arguing that the detention and the search were illegal. The trial court, although ruling that a statement made by Lorene Freeman to the officer indicating that Boydell had cocaine in his pocket was inadmissible because Freeman had died before trial, denied the motion to suppress, stating:
[Although the search warrant does not particularly request the search of individuals located within the curtilage of the residence, its authorization to search the home, outbuildings and vehicles within the curtilage of the home, extends to a search of individuals located upon the premises.
Although we disagree with the court’s basis for denying the motion, we nevertheless affirm its holding.
First we conclude that it was appropriate for the officers to detain the occupants of the property subject to search during the execution of the search warrant. The United States Supreme Court in Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), held that occupants of a residence subject to a search warrant can be detained to prevent flight in the event that incriminating evidence is found and also in order to minimize the risk of harm to the officers and the occupants. See also State v. Thomas, 603 So.2d 1382 (Fla. 5th DCA 1992).
During the detention, the officer was advised by Ms. Freeman, one of the owners of the home subject to the search, that Boy-dell possessed cocaine. Since the affidavit supporting the search warrant indicated the presence of drugs on the premises owned by the informant, the officer’s belief that the informant’s statement gave him probable cause to search Boydell was, in our view, well-founded. The question is whether “ ‘the facts and circumstances within them (the officers’) knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that’ an offense has been or is being committed.” Brinegar v. United States, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 1310-11, 93 L.Ed. 1879 (1949), citing Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
Even though Ms. Freeman’s statement might have been hearsay had it been offered to prove the truth of the matter, the relevance for a probable cause analysis is that the statement was made to the police officer by a person he reasonably believed was in a position to know facts justifying the statement. Having heard the statement from one reasonably believed to be involved in the sale of cocaine (based on the affidavit and the search warrant) and finding Boydell on the premises where it was alleged that cocaine was being sold, a reasonable person would believe that Boydell was involved in criminal activity. Even though the court erred in excluding the statement based on a hearsay objection, it nevertheless made the correct ruling on the motion.
AFFIRMED.
PETERSON, C.J., and ANTOON, JJ., concur.